# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ANN ZARCZYNSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ASSET RECOVERY SOLUTIONS, LLC and VELOCITY INVESTMENTS, LLC, <br><br> Defendants. | Case No.: 19-cv-1377 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Ann Zarczynski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from a consumer transaction that included agreements to defer payment.

6. Defendant Asset Recovery Solutions, LLC ("ARS") is a foreign limited partnership with its principal place of business located at 2200 East Devon Avenue, Suite 200, Des Plaines, IL 60018.

7. ARS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others and incurred for personal, family, or household purposes.

8. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

9. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Barbato v. Greystone All., LLC*, 916 F.3d 260, 265 (3d Cir. 2019); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *McMahon v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 41984, at *32-38 (N.D. Ill. Mar. 14, 2018); *Torres v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 49885, at *12-15 (Mar. 27, 2018).

10. The primary purpose of ARS's business, and ARS's principal purpose, is the collection of consumer debts.

11. ARS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

12. Defendant Velocity Investments, LLC ("Velocity") is a foreign limited liability company with its primary offices located at 1800 Route 34 North, Bldg #4 Ste 404a, Wall, NJ 07719.

13. Velocity is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

14. Velocity is engaged in the business of collecting debts originally owed to others and incurred for personal, family, or household purposes.

15. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

16. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Barbato v. Greystone All., LLC*, 916 F.3d 260, 265 (3d Cir. 2019); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *McMahon v. LVNV*

*Funding, LLC*, 2018 U.S. Dist. LEXIS 41984, at *32-38 (N.D. Ill. Mar. 14, 2018); *Torres v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 49885, at *12-15 (Mar. 27, 2018).

17. Upon information and belief, Velocity's sole purpose and revenue source is the collection of consumer debts. *See, e.g., Barbato*, 916 F.3d at 265; *Valenta v. Midland Funding, LLC*, No. 17-cv-6609, 2019 U.S. Dist. LEXIS 53902, at *6-7 (N.D. Ill. Mar. 29, 2019).

18. Velocity is a debt collector as defined in 15 U.S.C. § 1692a.

19. A company meeting the definition of a "debt collector" "bear[s] the burden of monitoring the activities of those it enlists to collect debts on its behalf." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016) (quoting *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000)).

## **FACTS**

20. On or about March 4, 2019, ARS mailed Plaintiff a debt collection letter, regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

21. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes, namely an unsecured personal loan on a "peer-to-peer platform."

22. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. Upon information and belief, Exhibit A is a form debt collection letter used by ARS to attempt to collect alleged debts.

24. <u>Exhibit A</u> contains the following representations:

| Statement Date: | 03/04/19 |
|---|---|
| ID Number: | ▆6116 |
| Original Creditor: | LENDINGCLUB CORP. ASSIGNEE OF WEBBANK |
| Current Creditor: | VELOCITY INVESTMENTS LLC |
| Account Number: | XXXXXXXXXXX7740 |
| Balance: | $1,473.14 |

25. <u>Exhibits A</u> is plainly misleading and confusing as to the name of the original creditor and the name of the creditor to whom the debt is owed.

26. <u>Exhibit A</u> states that the original creditor is "LendingClub Corp. Assignee of Webbank" and also states that "Velocity Investments LLC" is the "Current Creditor."

27. It is unclear whether LendingClub Corp is the original creditor or an assignee.

28. LendingClub Corp. cannot have been both "assignee" and "original creditor." *See Winslow v. Forster & Garbus, LLP*, No. 15-cv-2996, 2017 U.S. Dist. LEXIS 205113, at *28 (E.D.N.Y. Dec. 13, 2017) ("As the FDCPA draws distinctions between the party who offers credit, and a person to whom a debt is owed, and a line between original and current creditor, there can be no question but that pursuant to the FDCPA, the original creditor is [the party who offers credit].").

29. Words like "assign" and "transfer" are inherently unclear as to whether the account has been assigned or transferred for collection purposes or the ownership of the account has been "assigned" or "transferred." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016) ("the word 'transfer' could mean either conveyance of title or assignment for collection . . . ."); *see also Shah*, 993 N.E.2d at 520-21 (discussing the difference between "assignment for collection" and sale of the creditor's entire interest in the account to a third-party debt buyer).

5

30. Furthermore, assuming that LendingClub Corp. took ownership of the account as an assignee, it is then inherently unclear who the current creditor is, LendingClub Corp. or Velocity Investments, LLC.

31. The Seventh Circuit recently explained that "even accurate technical terminology—'transfer' or 'assignee'—can be confusing to an unsophisticated consumer and can violate § 1692g(a)(2), which requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand." *Smith v. Simm Assocs.*, Cons. App. Nos. 18-3350 and 19-1155, 2019 U.S. App. LEXIS 17072, at *6 (7th Cir. June 6, 2019).

32. On the face of Exhibit A it is impossible to determine the name of the original creditor of the debt in question and to which entity the debt has been sold or has been otherwise assigned from the original creditor.

33. The unsophisticated consumer would be confused as to the character of the account and to what third-party debt buyer the debt has been sold.

34. ARS's misrepresentation is a material false statement about the character of the account. *Janetos*, 825 F.3d 324-25; *Hepsen v. J.C. Christensen & Assocs.*, 2009 U.S. Dist. LEXIS 92717, at *14 (M.D. Fla. Sept. 22, 2009), *aff'd by Hepsen v. Resurgent Capital Servs., LP*, 383 Fed. Appx. 877 (11th Cir. 2010).

35. Even a sophisticated consumer (or their attorney), who might understand that debts can be freely transferred, bought, and sold, would not be able to determine who the original creditor was and who actually holds the debt from reading Exhibit A. *See Janetos*, 825 F.3d at 322 n.2.

6

Case 2:19-cv-01377-PP   Filed 09/20/19   Page 6 of 16   Document 1

36. Exhibit A identifies the creditor in a way that would confuse and mislead the unsophisticated consumer.

37. Plaintiff was confused and misled by Exhibit A.

38. The unsophisticated consumer would be confused and misled by Exhibit A.

39. Plaintiff had to spend time and money investigating Exhibit A.

### *The FDCPA*

40. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer

standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

41.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

42. Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

43. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

44. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

46. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

47. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Defendant's misrepresentation and confusion of the current creditor's identity is a material misstatement. *Janetos*, 825 F.3d at 317, 324-25 ("Knowing the current creditor 'potentially affects the debtor in the most basic ways, such as what the debtor should write after '"pay to the order of" on the payment check to ensure the debt is satisfied.'" (quoting *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. Mar 1, 2013)).

48. The unsophisticated consumer would not be able to determine who originally and currently holds the debt from reading Exhibit A, which purports to collect a debt that has been "assigned."

49. The unsophisticated consumer receiving Exhibits A and B would be unsure who the original creditor and current creditor of the alleged debt is as of the date of each letter.

50. 15 U.S.C. § 1692f generally prohibits debt collectors from using any "unfair or unconscionable means to collect or attempt to collect any debt."

51. The Seventh Circuit has held that a debt collector must state the name of the creditor in a non-confusing manner:

> Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose

10

Case 2:19-cv-01377-PP   Filed 09/20/19   Page 10 of 16   Document 1

> the required information clearly, it violates the Act, without further
> proof of confusion.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).

52. The Seventh Circuit has held that the standards for claims under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006):

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.

### *The WCA*

53. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

54. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

55. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

11

Case 2:19-cv-01377-PP  Filed 09/20/19  Page 11 of 16  Document 1

56. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

57. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

58. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

59. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

60. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

12

Case 2:19-cv-01377-PP Filed 09/20/19 Page 12 of 16 Document 1

61. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

## COUNT I – FDCPA

62. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. <u>Exhibit A</u> contains false, deceptive, misleading, confusing, and contradictory statements as to the identity of the original and current creditor.

64. The unsophisticated consumer would be confused and misled as to the identity of the creditor and would feel intimidated into paying the debt.

65. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect the alleged debt.

66. Defendant's misstatement of the name of the creditor is a false and misleading statement of the character and legal status of the alleged debt.

67. Defendant's misstatement of the name of the creditor is an unfair and unconscionable means of collecting or attempting to collect the alleged debt.

68. The misstatement is material, in that the unsophisticated consumer would not be able to determine who originally held and who actually holds the debt from reading <u>Exhibit A</u> and may mistakenly make a payment to the wrong entity.

69. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(2).

## COUNT II – WCA

70. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

13

71. <u>Exhibit A</u> contains false, deceptive, misleading, confusing, and contradictory statements as to the identity of the original and current creditor.

72. The unsophisticated consumer would be confused and misled as to the identity of the creditor and would feel intimidated into paying the debt.

73. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect the alleged debt.

74. Defendant's misstatement of the name of the creditor is a false and misleading statement of the character and legal status of the alleged debt.

75. Defendant's misstatement of the name of the creditor is an unfair and unconscionable means of collecting or attempting to collect the alleged debt.

76. The misstatement is material, in that the unsophisticated consumer would not be able to determine who actually holds the debt from reading <u>Exhibit A</u>. As a result, the consumer would feel intimidated and harassed, and may mistakenly make a payment to the wrong entity.

77. Defendants violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h).

## **CLASS ALLEGATIONS**

78. Plaintiff brings this action on behalf of two Classes.

79. Class I ("Wisconsin Class") consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by ARS in the form represented by <u>Exhibit A</u> to the complaint in this action (c) attempting to collect a debt incurred for personal, family, or household purposes, (d) where the letter states that the account has been "assigned to Asset" but does not otherwise identify the current creditor, (e) and was mailed between September 20, 2018 to September 20, 2019, inclusive, (f) and was not returned by the postal service.

80. Class II ("Nationwide Class") consists of (a) all natural persons in the United States of America, (b) who were sent a collection letter by ARS in the form represented by Exhibit A to the complaint in this action (c) attempting to collect a debt incurred for personal, family, or household purposes, (d) where the letter states that the account has been "assigned to Asset" but does not otherwise identify the current creditor, (e) and was mailed between September 20, 2018 to September 20, 2019, inclusive, (f) and was not returned by the postal service.

81. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

82. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

83. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

84. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

85. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

86. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 20, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com